JUSTICE RICE,
concurring.
¶59 I concur with the results reached by the Court and appreciate the important distinction the Court makes within footnote 3. Opinion, ¶ 37 n. 3.
¶60 The Commissioner is authorized by statute to make necessary and appropriate rules for the protection of investors under the Securities *533 Act. Opinion, ¶ 36 (citing § 30-10-107(1), MCA). In this case, the Commissioner interpreted Admin. R. M. 6.10.401(l)(c) and (2)(f) as requiring a salesperson to conduct a suitability analysis once a prospective new client indicates a desire to make a securities transaction and before the client signs any securities transaction documents. The Commissioner concluded that, Ta]s a registered salesperson, Knowles should have completed the Confidential Personal Financial Planning form with the prospective new clients and should have completed a suitability analysis prior to the new client signing the account transfer form, Change of Investment objectives form, and Durable Power of Attorney.”
¶61 As the Court correctly notes, the Commissioner based this rule on the unique facts and circumstances of this case. Opinion, ¶ 37 n. 3. Payton, an insurance salesman, visited the homes of Simmons and Downey, and obtained sensitive financial documents and signatures from the prospective customers. Payton obtained this information to assist Knowles in liquidating Simmons’s and Downey’s securities, so that Payton could finance his annuity sale, all pursuant to a scheme with Knowles. All of this occurred before Knowles, the actual licensed securities salesman, had any contact with the customers. Under these facts, the Commissioner properly concluded that Knowles had violated the governing statutes and regulations.
¶62 However, the outcome could well be different if this case had involved the more common business practices conducted every day by reputable securities firms and their brokers and staffs. After inquiry by a customer, various contacts by and between brokers, assistants and staffs and the customer ensue to obtain necessary information and prepare appropriate documentation for the securities transactions the customer desires. A broad application of the rules applied in this case could very well impose a rigid process on securities sales which would disrupt everyday practices of reputable securities firms and the objectives of their customers. Nothing in our opinion should serve to impose a single, rigid procedure for application in all securities sales.